UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OHLA USA, INC.,<br><br>         Plaintiff,<br><br>v.<br><br>J D BARLOW CONSTRUCTION, LLC et al.,<br><br>         Defendants. | Case No.: 25-cv-1314-RSH-AHG<br><br>**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION TO REMAND**<br><br>[ECF No. 17] |

   Pending before the Court is a motion to remand filed by plaintiff OHLA USA, Inc. ("OHLA" or "Plaintiff"). The motion is unopposed. As set forth below, the motion is granted.

**I. DISCUSSION**

   On April 3, 2025, OHLA filed its complaint in the Superior Court of California for the County of San Diego. ECF No. 1-3 at 2. In its complaint, OHLA named two defendants, JD Barlow Construction LLC ("JD Barlow") and Western National Mutual Insurance Company ("WNMIC"). *Id.* OHLA asserted state law causes of action for breach of contract and breach of bond obligations. *Id.*

///

On May 22, 2025, WNMIC removed the action to this Court based on diversity of citizenship. ECF No. 1. The same day, WNMIC filed claims in this Court against OHLA and JD Barlow, as well as against individuals James Barlow and Dawn Vernola, invoking this Court's supplemental jurisdiction. ECF No. 2.

On June 10, 2025, OHLA and WNMIC jointly moved to remand the case to Superior Court, on the grounds that JD Barlow is a citizen of California, rendering removal improper under the "forum defendant rule," 28 U.S.C. § 1441(b)(2). ECF No. 15. That rule provides that a civil action otherwise removable based on diversity jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2); *see also Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 939 (9th Cir. 2006) (stating that the forum defendant rule "confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state"); *Spencer v. United States Dist. Court*, 393 F.3d 867, 870 (9th Cir. 2004) ("It is thus clear that the presence of a local defendant at the time removal is sought bars removal.").

On June 20, 2025, the Court denied the joint motion, on the grounds that the moving parties had not established that (1) JD Barlow had been served with process, or that (2) JD Barlow was a citizen of California. ECF No. 16. The Court noted that "as JD Barlow is a LLC, its citizenship is not determined by its place of formation or principal place of business, but rather, by the citizenship of each of its members." *Id.* at 2 (citing *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1085 (9th Cir. 2014)). The denial was without prejudice.

On July 11, 2025, OHLA filed a noticed motion to remand, providing additional material in response to the Court's order. ECF No. 17. No party has opposed the motion. Upon review of the materials submitted, the Court concludes that JD Barlow was duly served with process. *See* ECF No. 17-3 (proof of service filed in Superior Court). As to the citizenship of JD Barlow, OHLA has put forward evidence reflecting that Mr. Barlow and Ms. Vernola, both individuals residing in California, are managers or members of the

limited liability company. *See* ECF No. 17-5 (statement of information filed with California Secretary of State). WNMIC's counterclaim similarly alleges that Mr. Barlow is a member of JD Barlow and that he resides in California, and that Ms. Vernola is a manger of JD Barlow and likewise resides in California. ECF No. 2 ¶¶ 3, 4. No party contests these factual assertions or contests that JD Barlow is a citizen of California. The Court concludes that the forum defendant rule applies here, that removal was improper, and that the action should be remanded for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).[1]

## II. CONCLUSION

For the foregoing reasons, OHLA's unopposed motion to remand is **GRANTED**. The action is ordered **REMANDED** to the California Superior Court, County of San Diego. The Counterclaim filed by WNMIC is **DISMISSED** without prejudice for lack of subject matter jurisdiction. The Clerk of Court is directed to close the file.

**IT IS SO ORDERED.**

Dated: August 7, 2025

Hon. Robert S. Huie
United States District Judge

---

[1] WNMIC's counterclaim—which WNMIC previously moved to dismiss—only invokes supplemental jurisdiction, and in any case would be insufficient to create removal jurisdiction. *See Takeda v. Northwestern National Life Insurance Co.*, 765 F.2d 815, 821 (9th Cir.1985) ("[R]emovability cannot be created by defendant pleading a counterclaim presenting a federal question.") (citations omitted); *see also United States Fire Ins. Co. v. Icicle Seafoods, Inc.*, 572 F. Supp. 3d 1047, 1056 (W.D. Wash. 2021) ("[I]t is well-established that supplemental jurisdiction is not an independent basis for federal jurisdiction.").